UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ARP WAVE, LLC, a Minnesota Limited Liability Company, | Case No. 18-CV-2046 (PJS/ECW) |
| Plaintiff, | |
| v. | ORDER |
| GARRETT M. SALPETER; NEUROLOGICAL FITNESS AND RECOVERY FACILITIES, LLC, a Texas Limited Liability Company; ARPWAVE AUSTIN, LLC, a Texas Limited Liability Company; NEUROLOGICAL FITNESS EQUIPMENT AND EDUCATION, LLC, a Texas Limited Liability Company; and JOHN DOES I-X, | |
| Defendants. | |

Jeffrey D. Shewchuk, SHEWCHUK IP SERVICES, LLC; Jordan W. Anderson, Boris Parker, and Nicholas M. Wenner, PARKER & WENNER, P.A., for plaintiff.

Kevin Terrazas, CLEVELAND TERRAZAS PLLC; John M. Weyrauch and Peter R. Forrest, DICKE, BILLIG & CZAJA, PLLC, for defendants.

This matter is before the Court on plaintiff's objection to an oral order of

Magistrate Judge Elizabeth Cowan Wright issued on March 10, 2020.  In that order,

Judge Wright granted defendants' motion to compel responses to written discovery

requests and imposed sanctions against plaintiff.  ECF No. 152 at 113-19.  Plaintiff had

refused to respond to the written discovery requests because, although they were timely

under the clear terms of an amended scheduling order that Judge Wright had entered

upon a stipulation that *plaintiff had approved*, plaintiff claimed that the discovery

requests were nevertheless untimely under an earlier informal agreement between the

parties.

In its objection, plaintiff argues that Judge Wright erred in enforcing her

scheduling order instead of the parties' informal agreement.  ECF No. 144 at 2-3.

Plaintiff also contends that, because of the informal agreement, plaintiff was

substantially justified in refusing to respond to the discovery requests, and therefore it

should not have been sanctioned.  *Id.* at 6-7.[1]

---

[1]Plaintiff makes a few additional arguments that merit only brief comment:

First, plaintiff argues that Judge Wright did not consider or rule on its other
objections to defendants' discovery requests.  ECF No. 144 at 3-4.  But at the hearing,
plaintiff's attorneys repeatedly indicated that they were objecting to the discovery
requests because they were untimely; plaintiff's attorneys never mentioned any other
objection, even after being invited by Judge Wright to do so.  ECF No. 152 at 23, 30, 33,
41-43.  Judge Wright overruled the untimeliness objection and noted that she did not
see a good reason to allow supplemental objections.  *Id.* at 117-19.  Judge Wright did not
commit clear error.

Second, plaintiff argues that sanctions are not warranted because defendants did
not meet and confer in good faith prior to filing their motion.  ECF No. 144 at 4-5.  It
indeed appears that defendants violated the spirit, if not the letter, of Local Rule 7.1.
But, as is true with so much in this case, there was plenty of fault to go around.  Plaintiff
was told on December 19, 2019, that defendants would be serving additional written
discovery (and defendants did so the next day).  ECF No. 103-1 at 47-48.  Plaintiff's
counsel complained about the untimeliness to defendants' attorney at the time.  *Id.*; *see
also* ECF No. 152 at 23; ECF No. 127 at 21.  The attorneys thus had about *two months* to
(continued...)

The Court cannot find that Judge Wright's decision was clearly erroneous.  *See* Fed. R. Civ. P. 72(a).  In every case, a magistrate judge must be able to enforce her orders.  That is particularly true in a case such as this one—a contentious case that has featured bad behavior on both sides.  Plaintiff had no right to simply declare that it would not obey the order of Judge Wright because that order was not consistent with an informal agreement with defendants and because plaintiff's own attorneys failed to review the draft stipulation carefully before approving it.

The Court notes that, if it were deciding the matter in the first instance, it would enforce the order, but it may not impose sanctions on plaintiff.  The record is clear that defendants' requests for additional discovery—while allowed under the order—did violate the parties' agreement.  In submitting a stipulation that did not reflect the agreement of the parties, defendants acted either carelessly or deviously.  Either way, defendants' attorneys should have honored their word, even if they were not legally required to do so.

---

[1](...continued)
discuss their dispute and try to resolve it—and, failing resolution, to bring it to Judge Wright's attention.  Instead, plaintiff sat on its hands.  And that's exactly what Judge Wright told plaintiff.  ECF No. 152 at 26-27, 117-18.

Finally, plaintiff argues that, because it lacked access to a transcript of a particular video deposition, sanctions are inappropriate.  ECF No. 144 at 7.  But plaintiff did not make this argument to Judge Wright, *see* ECF No. 127, and it is therefore waived, *see, e.g., United States v. Jones*, No. 14-CV-0227 (PJS/FLN), 2015 WL 6942071, at *1 (D. Minn. Nov. 10, 2015).

That said, Judge Wright has a much better understanding of the history of this contentious litigation and the relative culpability of the parties, which is exactly why her decisions on discovery disputes should be and are reviewed deferentially.[2]  The scheduling order was clear, the order was based on a stipulation that plaintiff's attorneys had approved, defendants' discovery requests were not untimely under the order, and plaintiff was required to follow the order while it remained in effect.  Judge Wright did not commit plain error in enforcing the order and sanctioning plaintiff.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT plaintiff's objection [ECF No. 144] is OVERRULED.

Dated: April 21, 2020

 s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge

---

[2]This deferential standard of review is a two-edged sword.  If the Court were deciding the matter in the first instance, it may have imposed sanctions on plaintiff for the obstreperous conduct of its corporate representative and its attorney at the witness's deposition in December 2019.  Again, though, Judge Wright is in a better position to make that decision.