UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ARP WAVE, LLC, a Minnesota Limited Liability Company, | Case No. 18-CV-2046 (PJS/ECW) |
| Plaintiff, | |
| v. | ORDER |
| GARRETT M. SALPETER; NEUROLOGICAL FITNESS AND RECOVERY FACILITIES, LLC, a Texas Limited Liability Company; ARPWAVE AUSTIN, LLC, a Texas Limited Liability Company; NEUROLOGICAL FITNESS EQUIPMENT AND EDUCATION, LLC, a Texas Limited Liability Company; and JOHN DOES I-X, | |
| Defendants. | |

Jeffrey D. Shewchuk, SHEWCHUK IP SERVICES, LLC; Jordan W. Anderson, Boris Parker, and Nicholas M. Wenner, PARKER & WENNER, P.A., for plaintiff.

Kevin Terrazas, CLEVELAND TERRAZAS PLLC; John M. Weyrauch and Peter R. Forrest, DICKE, BILLIG & CZAJA, PLLC, for defendants.

This matter is before the Court on plaintiff's objection to an April 15, 2020 order issued by Magistrate Judge Elizabeth Cowan Wright. ECF No. 179. In that order, Judge Wright denied plaintiff's motion to compel discovery, finding that plaintiff's motion was untimely under the Court's amended scheduling order. ECF No. 171.

Plaintiff's motion was, in fact, untimely.  The Court's amended scheduling order required that non-dispositive motions be filed by February 14, 2020.  ECF No. 88 at p. 2, ¶ 4.  Plaintiff did not file its motion to compel discovery until February 25, 2020.  ECF No. 111.  It missed the deadline.

Plaintiff argues, however, that its motion should nonetheless be considered timely because of comments made by Judge Wright during an informal dispute resolution ("IDR") telephone call on January 22, 2020.  ECF No. 110; ECF No. 179 at 9-11.  During that call, Judge Wright told the parties that she was going to give them "a 30-day extension of the fact discovery deadline to complete the depositions of Mr. Johari, Mr. Shah and Mr. Kent."  ECF No. 128 at 19.  She added that "[t]here will be a *concurring or a similar extension of the non-dispositive motion deadline*, which will fall two weeks after the close of fact discovery."  *Id.* (emphasis added).

Judge Wright's comments were arguably ambiguous.  The most natural interpretation is that she was extending the non-dispositive-motions deadline only for purposes of addressing any issues that arose during the depositions of Johari, Shah, and Kent.  After all, the fact that the parties were unable to complete the depositions of three witnesses before the fact-discovery deadline is an excuse for extending the fact-discovery deadline as to those depositions—and for extending the non-dispositive-motions deadline for disputes that arise during those depositions—but it is not an

excuse for giving the parties 30 more days to bring non-dispositive motions that could have been filed weeks or months earlier.  But a party could reasonably have been confused about whether Judge Wright was expressing an intention to extend the non-dispositive-motions deadline for all purposes.

Such ambiguity is common when, during a hearing or IDR call, a magistrate judge explains to the parties how she intends to rule.  That is why a careful magistrate judge usually follows up such a hearing or call by entering a written order, and why a careful attorney pays close attention to that order—knowing that, if there is any conflict between what the attorney understood the magistrate judge to say and what the magistrate judge put in her written order, the written order will control.

Judge Wright followed this common practice by entering an order as a minute entry shortly after the IDR call concluded.  *See* ECF No. 96.  In that minute entry, Judge Wright ordered that "fact discovery is extended until March 4, 2020 for the limited purpose of the Shah, Johari, and Kent depositions.  The non-dispositive motion deadline is extended until March 18, 2020 *with respect to issues arising from that extension*."  *Id.* (emphasis added).

Unlike Judge Wright's comments during the IDR call, there was nothing even arguably ambiguous about Judge Wright's written order.  Judge Wright made it clear to the parties on January 22 that all non-dispositive motions—save those pertaining to

disputes that arose during the Shah, Johari, and Kent depositions—had to be filed by February 14.

Plaintiff concedes that the minute entry is not ambiguous.  Plaintiff instead argues that it should be excused from compliance with the amended scheduling order because its attorneys "didn't read [the minute entry] terribly closely to see if there were any changes from what was said on the record [during the IDR call]."  ECF No. 152 at 53.

This is the second time in recent weeks that plaintiff has been before the Court because its attorneys chose not to read the order of a federal magistrate judge "terribly closely."  When plaintiff was last before this Court, it was arguing that it should be excused from complying with an amended scheduling order that Judge Wright had entered *at its request* because its attorneys had not read the order carefully before stipulating to its entry.  *See* ECF No. 173.  Now plaintiff is arguing that it should be excused from complying with the same amended scheduling order because its attorneys did not read carefully Judge Wright's order modifying that scheduling order in narrow respects.

There is no excuse for a lawyer not to look "terribly closely" at an order issued by a judge presiding over a case in which the lawyer is representing a client.  Plaintiff's attorneys should have carefully reviewed the minute entry and immediately sought

clarification from Judge Wright if they believed that what was contained in her written order conflicted with the intentions that she had expressed during the January 22 IDR call.

As this Court has already explained to plaintiff: "In every case, a magistrate judge must be able to enforce her orders.  That is particularly true in a case such as this one—a contentious case that has featured bad behavior on both sides."  ECF No. 173 at 3.  Plaintiff cannot fail to read the written order of a magistrate judge and later cite its own negligence as a reason why it should not be held to the deadlines described in that order.[1]

Plaintiff pleads, however, that some of the discovery that it seeks to compel is so important that not granting its motion to compel is "tantamount to granting partial summary judgment to defendants."  ECF No. 179 at 8.[2]  This only makes the conduct of plaintiff worse.  This case is, in effect, a patent-infringement case in which plaintiff is

---

[1]Plaintiff did not raise a good-cause argument before Judge Wright.  *See* ECF Nos. 113, 152.  Judge Wright found that any such argument would have failed, given plaintiff's carelessness in not carefully reading the minute entry.  ECF No. 171 at 10-14.  The Court agrees with Judge Wright and rejects plaintiff's good-cause argument.  ECF No. 179 at 12-14.

[2]Indeed, plaintiff argues that its objection should receive de novo (not clear error) review, because denying its motion to compel an inspection of the Neubie is—practically speaking—dispositive of some of its claims regarding the Neubie.  ECF No. 179 at 8-9.  The Court disagrees and believes that the clear-error standard of review applies.  But, regardless of which standard applies, the Court would overrule plaintiff's objection to Judge Wright's order.

accusing defendants of reverse-engineering its patented device to create a device known as the "Neubie."  For reasons that escape the Court, plaintiff has insisted on pursuing trade-secret and unjust-enrichment claims in Minnesota rather than pursuing patent-infringement (as well as trade-secret and unjust-enrichment) claims in Texas (where any patent claims must be venued).  The Neubie is and always has been at the heart of plaintiff's case.  And thus, in plaintiff's own words, inspecting the Neubie—and "compar[ing] the Neubie devices [sic] components and electrical outputs to those of the Plaintiff's devices" is both "obvious" and "essential."  *Id.*  Indeed, the critical importance of inspecting the Neubie has been "obvious" since this lawsuit was filed on July 18, 2018.

Inexplicably, however, plaintiff did not seek this "essential" discovery until October 30, 2019.  ECF No. 115-2 at 7.  And when defendants objected to providing this "essential" discovery on December 2, 2019, ECF No. 171 at 5, plaintiff reacted by sitting on its hands—week after week—as the February 14 deadline for bringing non-dispositive motions approached and then passed.  Having waited for weeks to move to compel discovery that was "essential" to its case—and having failed to read the magistrate judge's scheduling orders "terribly carefully" despite the fact that its case supposedly hung in the balance—plaintiff is in no position to now complain that enforcing the scheduling order will render it unable "to prove its claims related to the

Neubie device."  ECF No. 179 at 8.  Plaintiff has no one but itself to blame for its

predicament.[3]

Judge Wright's decision to enforce the unambiguous deadline for bringing non-

dispositive motions was not erroneous, much less clearly erroneous.  Fed. R. Civ.

P. 72(a).  Plaintiff's objection is therefore overruled.

---

[3]Plaintiff also claims that its attorneys have "never seen a bifurcated non-dispositive motion deadline which required a party to identify what issues arose specifically from a judicial extension of discovery, and what issues existed prior to that extension."  ECF No. 179 at 11.  In fact, it is common for magistrate judges to agree to extend a discovery deadline only for a particular deposition and a non-dispositive-motions deadline only for motions related to that deposition.

It can sometimes be difficult to decide whether a particular dispute arose before a deposition or at the deposition, but there is no such problem here.  Plaintiff specifically objects to Judge Wright not compelling the production of two things: (1) documents of the defendants' that are in a particular storage unit and (2) the Neubie device.

As to the documents:  The existence of these documents came to light during the deposition of defendant Garrett Salpeter on November 15, 2019.  ECF No. 179 at 1.  On January 24, 2020, plaintiff became aware that Salpeter had still not attempted to retrieve or review the documents.  *Id.* at 4.  Obviously the dispute over these documents arose long before the Shah, Johari, and Kent depositions.

As to the Neubie:  As noted, plaintiff has known of the importance of inspecting the Neubie since July 2018, when it filed this lawsuit.  As also noted, plaintiff first asked to inspect a Neubie machine on October 30, 2019, ECF No. 115-2 at 7, and defendant objected to that request on December 2, 2019, ECF No. 171 at 5.  Clearly, then, the dispute over inspection of the Neubie arose long before the Shah, Johari, and Kent depositions.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT plaintiff's objection [ECF No. 179] is OVERRULED.

Dated: May 13, 2020

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge