UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ARP WAVE, LLC, a Minnesota Limited Liability Company, | Case No. 18-cv-2046 (PJS/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| GARRETT M. SALPETER, NEUROLOGICAL FITNESS EQUIPMENT AND EDUCATION, LLC, a Texas Limited Liability Company, NEUROLOGICAL FITNESS AND RECOVERY FACILITIES, LLC, a Texas Limited Liability Company, ARPWAVE AUSTIN, LLC, a Texas Limited Liability Company, and JOHN DOES I-X, | |
| Defendants. | |

---

This matter is before the Court on Plaintiff's Motion for Redaction of Transcript (Dkt. 281) ("Motion"), relating to portions of the transcript of the July 10, 2020 hearing before United States District Judge Patrick J. Schiltz (Dkt. 277) on the parties' respective motions for summary judgment (Dkts. 228, 249), as well as Defendants' Motion for Rule 11 Sanctions (Dkt. 191). The entire rationale of Plaintiff's Motion is as follows:

> This matter was before the Court on July 10, 2020, for hearing on multiple motions of the parties. A transcript of this hearing was requested by Defendants (Dkt. #273), which, pursuant to the protective order in effect in this case (Dkt. #31) contains information deemed confidential and in need of redaction. The Transcript of this hearing was filed under seal on August 12, 2020, (Dkt. #277) whereupon Plaintiff timely filed its Notice of Intent to Request Redaction (Dkt. #279).

(Dkt. 281 at 1.)  Plaintiff then proceeded to request that approximately 59 pages (either in part or their entirety) of the 156-page transcript be redacted and sealed from the publicly available record.  (*Id.* at 1-3.)  Essentially, Plaintiff asks that the Court divine a basis for the continued sealing of the excerpts.

Defendants oppose the motion, noting that Plaintiff has failed to provide any basis for why the information should not remain public based on the strong presumption of open courts and public disclosure.  (Dkt. 283 at 3.)  Defendants then identified a few examples of transcript excerpts that Plaintiff wants redacted to demonstrate the scope of Plaintiff's redaction request, including: portions of Judge Schiltz's questioning; a reference to a college hockey injury; and matters that Defendants assert cannot be a protected trade secret given ARP Manufacturing's public disclosures in U.S. Patent No. 9,302,102.  (*Id.* at 2-4.)

American courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents."  *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597 (1978).  As the Eighth Circuit has held:

> There is a common-law right of access to judicial records. . . .  This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and "to keep a watchful eye on the workings of public agencies."  It also provides a measure of accountability to the public at large, which pays for the courts.

*IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citations omitted).

"This right of access is not absolute, but requires a weighing of competing interests."  *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir.

1990).  The Eighth Circuit has identified the following interests that must be addressed in deciding whether to seal a judicial record:

> Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed.  The decision as to access is one best left to the sound discretion of the trial court in light of the relevant facts and circumstances of the particular case.

*IDT*, 709 F.3d at 1223 (cleaned up).  That said, "[a]lthough the court is given . . . supervisory power [over its records], 'only the most compelling reasons can justify non-disclosure of judicial records.'"  *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006) (quoting *In re Gitto Global Corp.*, 422 F.3d 1, 6 (1st Cir. 2005)).

"Modern cases on the common-law right of access say that 'the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and resulting value of such information to those monitoring the federal courts.'"  *IDT*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)) (citations omitted).  When a document plays only a negligible role in a court's exercise of its Article III duties, such as a complaint, the public's interest in access to the document is weaker and "the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason."  *Id.* (quoting *Amodeo*, 71 F.3d at 1050).  While the Eighth Circuit has not been explicit about what weight to give the presumption as it relates to documents filed in conjunction with summary judgment, in one of the decisions relied upon by the Eighth Circuit in *IDT*, *see* 709 F.3d at 1224, the Second Circuit concluded that the weight

3

of the presumption of public access given to such documents is of the highest and such documents should not remain under seal unless there exist compelling reasons. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006) (citation omitted); *see also Krueger v. Ameriprise Fin., Inc.*, No. 11-CV-2781 (SRN/JSM), 2014 WL 12597948, at *8-9 (D. Minn. Oct. 14, 2014) (noting that while the Eighth Circuit has not explicitly defined what constitutes "judicial records," courts have held that information submitted in connection with a motion for summary judgment is integrally involved in the resolution of the merits of a case for which the presumption of public access attaches); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 245 F.R.D. 632, 636 (D. Minn. 2007) ("The Court finds that Guidant and Duran have a heightened burden to overcome the presumptive right of the public to access of the briefs and supporting documents at issue because they were filed in support of and in opposition to motions for summary judgment.") (citation omitted).

Here, the presumption is even stronger than it would be for briefs and exhibits submitted with respect to a motion for a summary judgment, as not only does the hearing transcript reflect information provided by the parties for the court's consideration in the adjudication of the merits of the dispositive motions, but it also reflects Judge Schiltz's thoughts and inquires related to the merits of the claims.[1] Such information is central to the exercise of Article III judicial power, and restricting this information would hinder the public's ability to evaluate the reasonableness and fairness of judicial proceedings and

---

[1] The Court notes that there is no indication in the record that Plaintiff sought to seal the hearing from the public prior to or during the hearing.

the merits of the Court's ruling on the motions for summary judgment. As such, the Court finds that the transcript of the hearing on the motions for summary judgment amounts to a judicial record for which a heightened presumption of public access attaches.

As set forth above, Plaintiff's only reasoning for overcoming the presumption of public access is that transcript excerpts "pursuant to the protective order in effect in this case (Dkt. #31) contain[] information deemed confidential and in need of redaction." (Dkt. 281 at 1.) However, the mere fact that a hearing argument is based on information that has been designated confidential for purposes of discovery under the operative Protective Order (Dkt. 31) in this case does not automatically mean that the information should remain under seal when it is considered by the Court as part of its adjudication of the merits of claims.[2] *See generally*, Local Rule 5.6 *advisory committee's note* ("Even if such information is covered by a protective order, that information should not be kept under seal unless a judge determines that a party or nonparty's need for confidentiality outweighs the public's right of access."). The Court denies the Motion on this basis alone.

In any event, the Court has reviewed the excerpts of the hearing transcript that Plaintiff seeks to have redacted from the publicly available record. The excerpts primarily deal with whether the inner workings of the RX100, protocols, marketing

---

[2] The Court notes that the parties have failed to file a joint motion for continued sealing, pursuant to Local Rule 5.6, as to all sealed entries relating to the parties' motions for summary judgment (Dkts. 228, 249), as well as Defendants' Motion for Rule 11 Sanctions (Dkt. 191).

materials, seminars, and agreements constitute protectable trade secrets. However, to the extent that it is Plaintiff's position that this information should be kept from the public domain because it is protected as a trade secret, Judge Schiltz dismissed such claims in his Order on Summary Judgment. (Dkt. 284 at 13-28.) Given that the strength of any property and privacy interests asserted is weak, coupled with the fact that Plaintiff is seeking to seal a Court hearing on dispositive motions, the Court finds that Plaintiff has not met its burden to overcome the presumptive right of the public to access to the hearing transcript.

For all of the reasons stated above, Plaintiff's Motion to Redact Transcript is denied.

## ORDER

Based upon on the motion and the documents filed under seal, as well as all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Redact Transcript (Dkt. 281) is **DENIED**.

2. Docket Entry 277 shall be **UNSEALED** in accordance with the Local Rules within fourteen (14) days of this Order unless a timely objection to the Order is filed.

3. The parties shall file a joint motion consistent with Local Rule 5.6 as to the continued sealing of all sealed entries relating to the parties' motions for summary judgment (Dkts. 228, 249), as well as Defendants' Motion for Rule 11 Sanctions (Dkt. 191) on or before **February 19, 2021**.

DATED: February 5, 2020              *s/Elizabeth Cowan Wright*
                                     ELIZABETH COWAN WRIGHT
                                     United States Magistrate Judge