# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| ARP WAVE, LLC, a Minnesota Limited Liability Company, | Case No. 18-cv-2046 (PJS/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| GARRETT M. SALPETER, NEUROLOGICAL FITNESS EQUIPMENT AND EDUCATION, LLC, a Texas Limited Liability Company, NEUROLOGICAL FITNESS AND RECOVERY FACILITIES, LLC, a Texas Limited Liability Company, ARPWAVE AUSTIN, LLC, a Texas Limited Liability Company, and JOHN DOES I-X, | |
| Defendants. | |

This matter is before the Court on the parties' Joint Motion Regarding Continued Sealing (Dkt. 290) pursuant to Local Rule 5.6(d) concerning documents filed under seal in relation to the parties' respective motions for summary judgment and Defendants' motion for sanctions.

The parties agree that Docket Entries 195-6, 195-12, 195-13, 254-5, 254-6, 254-9, 254-12, 254-14, 254-19, and 270 should be unsealed. (Dkt. 290 at 1.) Therefore, these documents will be unsealed.

The parties also agree that Docket Entries 254, 254-1, 254-2, 254-3, 254-11[1], 254-15, and 254-18 should remain under seal. (*Id.*) However, the parties fail to provide the Court with any reason why continued sealing is appropriate. "The fact that a document has been designated as confidential under a protective order alone is not a valid basis to keep the document under seal indefinitely for the purposes of Local Rule 5.6(d), which governs motions for further consideration of sealing in this District." *Nagel v. United Food & Com. Workers Union*, No. 18-CV-1053 (WMW/ECW), 2020 WL 6145111, at *1 (D. Minn. Oct. 20, 2020) (citing *Micks v. Gurstel Law Firm, P.C.*, No. 17-CV-4659 (ECT/ECW), 2019 WL 220146, at *1 (D. Minn. Jan. 16, 2019)). The Court cannot make arguments on the parties' behalf and therefore temporarily denies the joint motion for continued sealing as to these entries. The Court will give the parties two weeks from the date of this Order to provide a basis as to why these documents should remain under seal.

In addition, the parties disagree with respect to the continued sealing of numerous documents. The Court addresses those disagreements below.

## I.     LEGAL STANDARD

American courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) ("The common law right of public

---

[1]     The Court notes that Plaintiff appears to argue later in the joint motion that Docket Entry 254-11 should be unsealed. (Dkt. 290 at 7.) To the extent that Plaintiff contends that Docket Entry 254-11 should be unsealed, Plaintiff shall so specify in the parties' supplemental submission to the Court.

access to judicial documents is firmly rooted in our nation's history."); *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) ("Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but is also the public's case."). As the Eighth Circuit has held:

> There is a common-law right of access to judicial records. . . . This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and "to keep a watchful eye on the workings of public agencies." It also provides a measure of accountability to the public at large, which pays for the courts.

*IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citations omitted).

"'This right of access is not absolute, but requires a weighing of competing interests.'" *Feinwachs v. Minn. Hosp. Ass'n*, No. 11-cv-8 (JRT/SER), 2018 WL 882808, at *3 (D. Minn. Feb. 13, 2018) (quoting *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990)). According to the Eighth Circuit:

> Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed. . . . The decision as to access is one best left to the sound discretion of the trial court in light of the relevant facts and circumstances of the particular case.

*IDT*, 709 F.3d at 1223 (cleaned up); *see also Feinwachs*, 2018 WL 882808, at *3.

While Local Rule 5.6 does not explicitly set forth the applicable standard when determining if a document should remain sealed, the 2017 Advisory Committee Note to Rule 5.6 provides guidance similar to the Eighth Circuit in *IDT*, *supra*, by requiring this Court to balance parties' interests in maintaining the confidentiality of documents with the public's right of access:

> [P]arties have been filing too much information under seal in civil cases . . . . As a general matter, the public does not have a right of access to information exchanged in discovery; thus, protective orders are often quite broad, covering entire documents or sets of documents produced during discovery, even when most or all of the contents are not particularly sensitive. But the public does have a qualified right of access to information that is filed with the court. Even if such information is covered by a protective order, that information should not be kept under seal unless a judge determines that a party or nonparty's need for confidentiality outweighs the public's right of access.

D. Minn. LR 5.6(d) *advisory committee's note*.

In evaluating whether to unseal judicial documents, courts in the District of Minnesota have utilized the six-factor balancing test outlined in *United States v. Hubbard*, 650 F.2d 293, 318 (D.C. Cir. 1980). *See Krueger v. Ameriprise Fin., Inc.*, No. CV 11-2781, 2014 WL 12597948, at *10 (D. Minn. Oct. 14, 2014). These six factors are:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Id.* at *10-11 (citation omitted). The Court looks to see if compelling reasons have been provided to overcome the presumption that court documents should be public record when applying the six-factor test. *Id.* at *11. It is also important to emphasize that "'the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and resulting value of such information to those monitoring the federal courts.'" *IDT*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)) (citations omitted). When a

4

document plays only a negligible role in a court's exercise of its Article III duties, such as a complaint, the public's interest in access to the document is weaker and "the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." *Id.* (quoting *Amodeo*, 71 F.3d at 1050). While the Eighth Circuit has not been explicit about what weight to give the presumption as it relates to documents filed in conjunction with summary judgment, in one of the decisions relied upon by the Eighth Circuit in *IDT*, *see* 709 F.3d at 1224, the Second Circuit concluded that the weight of the presumption of public access given to such documents is of the highest and such documents should not remain under seal unless compelling reasons exist. *See Lugosch*, 435 F.3d at 123 (citation omitted); *see also Krueger*, 2014 WL 12597948, at *8-9 (noting that while the Eighth Circuit has not explicitly defined what constitutes "judicial records," courts have held that information submitted in connection with a motion for summary judgment is integrally involved in the resolution of the merits of a case for which the presumption of public access attaches); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 245 F.R.D. 632, 636 (D. Minn. 2007) ("The Court finds that Guidant and Duran have a heightened burden to overcome the presumptive right of the public to access of the briefs and supporting documents at issue because they were filed in support of and in opposition to motions for summary judgment.") (citation omitted). The Court concludes that a similar heightened burden applies to situations when a court is called upon to levy sanctions against a party.

Given this standard, the Court will proceed with analyzing the merits of the parties' motion for continued sealing.

## II. ANALYSIS

### A. Sealed Documents Filed in Relation to Defendants' Motion for Sanctions

#### 1. Dkt. 194: Defendants' Memorandum of Law in Support of Motion for Sanctions

Plaintiff asserts that Defendants' memorandum of law recites and analyzes certain confidential documents and the redacted memorandum of law is adequate for the public record. (Dkt. 290 at 2.)

The redacted portions deal with general testimony pertaining to whether Defendants reverse-engineered Plaintiff's technology, generally mention the treatment protocols at issue, include the language from a distribution agreement that the Court has ordered unsealed (*see* Section II.4, *infra*), and recite deposition testimony regarding who owns the purported trade secrets/intellectual property at issue in this case. (*Compare* Dkt. 192, *with* Dkt. 194.) Plaintiff has not met its burden to show that unsealing any of this information would harm Plaintiff. Therefore, the motion for continued sealing of Docket Entry 194 is denied.

#### 2. Dkt. 195-1: Deposition Testimony from Plaintiff's Representative

Plaintiff argues that Docket Entry 195-1, which constitutes several portions of Plaintiff's representative Denis Thompson's deposition transcript, is "a portion of the deposition of the Plaintiff's representative which discusses the proprietary components and processes of Plaintiff's machines and treatments, including descriptions of the training and manuals which are not public" and, "would be damaging to Plaintiff if Plaintiff were no longer able to protect, including specifically the way in which the Plaintiff has developed its new techniques and treatments." (Dkt. 290 at 2.) Docket

Entry 195-1 constitutes over 100 pages of deposition testimony. (*See* Dkt. 195-1.) It is evident from the Court's review of the 100 pages that not all of those pages contain proprietary information, much less information that should be maintained under seal.[2] However, Plaintiff has filed the entire document under temporary seal with no publicly available redacted version. (*See* Dkt. 197.) Plaintiff is asking the Court to review over 100 pages of deposition testimony to figure out what may require continued sealing. It is Plaintiff who seeks continued sealing, and the Court will not make guesses on its behalf, especially when public access to the Court records is at issue. *See generally ASARCO, LLC v. Union Pac. R. R. Co.*, 762 F.3d 744, 753 (8th Cir. 2014) ("Judges are not like pigs, hunting for truffles buried in briefs or the record.") (internal quotation marks omitted). Therefore, the motion for continued sealing as to Docket Entry 195-1 is denied.

### 3. Dkt. 195-2: Protocol Available on an Internet Blog

Defendants claim that the protocol at Docket Entry 195-2 should be unsealed as it was publicly available and still is today. (Dkt. 290 at 4.) While the link provided by Defendants (https://web.archive.org/web/20150824191838/http://evoultrafit.com:80/workout/bronze-program-11-1) links to a different date not reflected in Docket Entry 195-2, Plaintiff does not dispute that the blogs reflected in Docket Entry 195-2 were at least at some point public. On this basis, and on the basis that United States District Judge Patrick J. Schiltz found that a treatment protocol must be a secret for it to be a trade secret (*see* Dkt. 284 at 22-23), the Court concludes that the strength of the

---

[2] For example, Docket 195-1 contains several lengthy colloquies of counsel which plainly do not require sealing. (*See, e.g.*, Dkt. 195-1 at 69:22-71:12, 178:4-189:25, 312:2-313:8.)

Plaintiff's interest in keeping a previously public document under seal does not outweigh the presumption of public access. For these reasons, the Court denies the motion for continued sealing as to Docket Entry 195-2 .

> 4. **Dkts. 195-3, 195-4, 195-5, and 195-8: Plaintiff's Agreements and Invoices with Third Parties and Defendant Salpeter**

Docket Entry 195-3 is a 2006 unsigned term sheet related to the possible acquisition of a non-party company. According to Plaintiff, the agreement was consummated and was confidential.[3] (Dkt. 290 at 2.) Given the staleness of the agreement, the fact that Plaintiff asserts that the company was purchased by Plaintiff, and that nothing in the term sheet provides that the documents are confidential, the Court concludes that the document will be unsealed.

Docket Entry 195-4 reflects certain invoices from the company identified in Docket Entry 195-3 and shows various purchases of materials and repair services in the 2006/2007 timeframe. The Court does not understand how Plaintiff has any interest in keeping these purchases confidential fifteen years later. The Court finds the weak interest asserted by Plaintiff does not outweigh the right to public access to court records and consequently concludes that Docket Entry 195-4 will be unsealed.

Defendants claim that Docket Entry 195-5, a 2008 Exclusive Worldwide Master Distribution Agreement between ARP Manufacturing, LLC and ARP Wave, LLC, contains highly sensitive information about the inner workings and relationship between private companies and provides detailed information about the companies. (Dkt. 290 at

---

[3] The Court had previously ruled that this document should remain sealed because it was unclear whether the deal had been consummated. (Dkt. 265 at 2-3.)

3.) The Court will not afford any protection to the distribution agreement, especially when the parties contemplated protection of confidential information in the agreement but did not extend that protection to the agreement itself. (*See* Dkt. 195-5 at 10-11.) Based on this, and the fact that the agreement does not appear to contain any sensitive information that this Court can discern based on its review and the submissions of the parties, the Court finds that Docket Entry 195-5 will be unsealed.

Docket Entry 195-8 is a rental agreement between the parties, which according to Plaintiff contains the cost and deposit rates formerly offered by Plaintiff and are not publicly offered, as well as Defendant Salpeter's credit card and purchase information. (Dkt. 290 at 3.) Defendants argue that contracts cannot be confidential as previously determined by Judge Schiltz. (*Id.* at 4.) The Court cannot comprehend why an agreement from 2006 with no confidentiality provision should remain sealed, save for Salpeter's credit card information, which Salpeter does not appear to object to being released. That said, Rule 5.2 of the Federal Rules of Civil Procedure requires that financial account information be redacted from public pleadings. As such, Docket Entry 195-8 will remain sealed. However, the parties will be required to publicly file within 28 days of this Order a copy of Docket Entry 195-8 with the credit card information redacted.

5. **Deposition of Jay Schroeder (Dkt. 195-7)**

Plaintiff contends that a portion of the transcript of the deposition of Jay Schroeder should remain sealed because part of the deposition deals with Plaintiff's training manuals and treatment protocols. (Dkt. 290 at 3.) Not only has Plaintiff failed to identify

9

with any specificity any confidential or trade secret information regarding its training manuals and treatment protocols contained in the deposition testimony, the review of the deposition testimony also does not reveal any usable information as far as the Court can discern with respect to protocols or the training. For these reasons, the motion for continued sealing as to Docket Entry 195-7 is denied.

6.  **Supplemental Answers to Interrogatories (Dkt. 195-9)**

Plaintiff argues that its unredacted supplemental interrogatory responses describe in detail the circuitry and process by which Defendants reverse-engineered Plaintiff's machine. (Dkt. 290 at 3.) The responses provide that by inspecting the interior components, possibly taking readings or measurements of the same (such as by using electronic instrumentation), a competitor can copy and/or reverse-engineer the ARP Trainer and/or learn information about the ARP Trainer. (*See* Dkt. 195-9.) However, it is no secret that a party with the capability can reverse-engineer a device by taking it apart and taking the appropriate measurements. As for the photos of the device in question in the supplemental responses (*see* Dkt. 195-9 at 4-9), those photos do not permit a third-party to take measurements or closely inspect the device. Moreover, as set forth by Judge Schiltz, pictures of displays, also set forth in the interrogatory answers, cannot constitute a trade secret. (Dkt. 284 at 17 n.13.) For these reasons, the motion for continued sealing is denied as to Docket Entry 195-9.

### 7. Deposition Transcript Related to NueFit (Dkts. 195-10 and 195-11) and Email Related to FDA Approval (Dkt. 254-8)[4]

Defendants argue that Docket Entries 195-10 and 195-11 should remain sealed because they include deposition testimony in which representatives from Defendants are answering questions related to business operations, including procedures used in administering the NueFit device as well as FDA clearance and compliance issues, which is not public information, and which could be used for improper purposes by competitors of NueFit. (Dkt. 290 at 5.) Similarly, Defendants argue that Docket Entry 254-8 contains confidential information related to FDA applications, which are not in the public sphere and were not intended to be made public. (Dkt. 290 at 8.) However, the deposition transcripts do not set forth any specific procedures related to a device that would not already be publicly available, and the references to whether a device is FDA approved or requires a prescription is information that should be publicly available. Similarly, Docket Entry 254-8 does not contain any specifics as to the FDA application and contains representations made to the public with respect to FDA approval. As such, Docket Entries 195-10, 195-11 and 254-8 will be unsealed.

### B. Sealed Documents Filed in Relation to Motions for Summary Judgment

#### 1. The Declaration of Denis Thompson (Dkt. 250)

Plaintiff contends that the Declaration of Denis Thompson (Dkt. 250) describes in detail the proprietary treatments and training of technicians, as well as the theory and

---

[4] The Court notes that Docket Entry 254-8 was an exhibit related to the motions for summary judgment rather than Defendants' Motion for Sanctions, but given that Docket Entry 254-8 relates to the FDA, the Court considers it in this section with the other FDA-related documents.

philosophy behind Plaintiff's business and medical treatments, and discusses and describes the protocols and confidential information and documents in the attached exhibits, which are also discussed below. (Dkt. 290 at 6.) The Court agrees with Defendants (*id.* at 7) that the Declaration is vague and general and there does not appear to be any information therein that would cause Plaintiff any harm if unsealed. As such, the motion for continued sealing with respect to Docket Entry 250 is denied.

2. **Treatment Protocol (Dkt. 250-1)**

Plaintiff argues that Docket Entry 250-1 should remain under seal because it is a confidential and proprietary treatment protocol. (Doc. 290 at 6.) However, Judge Schiltz dismissed Plaintiff's claim for misappropriation of trade secrets as to this protocol in part on the basis that "Plaintiff has disclosed much about its treatment process in patents and elsewhere." (Dkt. 284 at 23.) In addition, Judge Schiltz compared Plaintiff's protocols with those of Defendants and concluded that there was no misappropriation as they were materially different. (*Id.* at 22.) Given the disclosure of the information in the protocols and the Court's reliance on the protocol in its analysis on summary judgment, the Court finds that the public's need to know the basis for Judge Schiltz's decision outweighs the importance of maintaining the protocols under seal. For these reasons, the motion for continued sealing is denied as to Docket Entry 250-1.

3. **Documents Relating to Agreements (Dkts. 250-2 and 250-3)**

The parties contend that these documents are also contained as part of Docket Entry 195-8 (Dkt. 290 at 6), which the Court has ordered unsealed save for redactions of

credit card information for the reasons set forth in Section II.A.4, *supra*.[5]

### 4. List of Treatments and their Corresponding Codes (Dkt. 250-5)

Plaintiff asserts Docket Entry 250-5 is a list of treatments and their corresponding codes available only to Plaintiff's trainees and technicians, which is confidential information of Plaintiff that Plaintiff has designated as Attorney Eyes Only pursuant to the Protective Order in this case. (Dkt. 290 at 6.) Again, designation of a document as confidential or attorney's eyes only under a protective order does not satisfy Local Rule 5.6 for the purposes of continued sealing. Further, this document only provides a list of ailments and a corresponding number. It is unclear why this information necessitates any protection, especially since it was submitted and considered on summary judgment. Indeed, Plaintiff provides no argument as to the value of this information to a competitor. As such, the motion for continued sealing as to Docket Entry 250-5 is denied.

### 5. Confidential Agreements (Dkt. 250-6 and Dkt. 254-16)

Plaintiff asserts that Docket Entry 250-6 is a confidential contractual agreement which contains significant confidential information of Plaintiff. (Dkt. 290 at 6.) Docket Entry 250-6 constitutes invoices from ARP Wave LLC billed to Defendant Salpeter. There is nothing confidential about these invoices that this Court can discern. As such, given that they were considered on summary judgment and the apparent lack of protectable interest, the Court denies the motion for continued sealing as to Docket Entry 250-6.

---

[5] The Court notes that Docket Entry 250-3 is an unexecuted agreement that contains more information than Docket Entry 195-8. Nevertheless, there is nothing in this document that warrants continued sealing and it includes no credit card information.

The Court also denies the motion as to Docket Entry 254-16, dealing with various agreements, since it appears that the parties are in ultimate agreement that they should be unsealed. (Dkt. 290 at 7, 8.)

6. **Correspondence Between the Parties (Dkts. 250-8 and 250-9)**

Plaintiff seeks the continued sealing of letters between the parties with respect to allegations of breach of contract and the return of units from Salpeter and NueFit to Plaintiff. Given the public nature of Plaintiff's allegations of breach of contract in the Complaint and associated exhibits, the Court is surprised that Plaintiff seeks to keep this correspondence under seal. (*See* Dkt. 1; Dkts. 1-1 to 1-3.) There is no protectable information that the Court can discern within the letters, which at most describe contracts the parties entered into in 2008 (and possibly 2010). (*See* Dkts. 250-8, 250-9.) Based on all this, along with the fact that the exhibits were submitted in conjunction with motions for summary judgment, the Court denies the motion for continued sealing with respect to Docket Entries 250-8 and 250-9.

7. **NueFit License Agreement (Dkt. 254-7)**

Plaintiff asserts that the NueFit license agreement at Docket Entry 254-7 contains no confidential information and believes it should be unsealed. (Dkt. 290 at 7.) Defendant provides no argument in response. The agreement itself, regarding products and services, contains no confidentiality provision. Defendants have provided no basis for its continued sealing, which the Court would expect given its arguments with respect to Plaintiff's agreements, and therefore the motion for continued sealing as to Docket Entry 254-7 is denied.

### 8. Information Related to the Neubie Device (Dkts. 254-10 and 254-13)

Defendants argue that Docket Entries 254-10 and 254-13 contain confidential information concerning the development of the Neubie device, which could be used by competitors against Defendants. (Dkt. 290 at 8.) The Court does not understand how a competitor could use the general mention of features of the Neubie in those documents to the detriment of Defendants considering the device is available for sale. To the extent that features listed in Docket Entries 254-10 and 254-13 were not included in the Neubie, Defendants may submit within fourteen days of this Order a supplemental memorandum under seal that flags portions of the docket entries that contain features or elements that are not included in a device that has been offered for sale. Defendants shall allow Plaintiff to submit any rebuttal as part of the same supplemental submission to the Court. Otherwise, the motion for continued sealing is denied as to Docket Entries 254-10 and 254-13.

### 9. Memoranda of Law Submitted in Support of the Parties' Respective Motions for Summary Judgment (Dkts. 258, 260, and 266)

Plaintiff contends that the memoranda of law submitted to Judge Schiltz should remain under seal because they analyze and quote heavily from the confidential information and documents in Defendants' pleadings as well as in Plaintiff's pleadings and their disclosure would reveal significant proprietary and confidential information to Plaintiff's competitors. (Dkt. 290 at 7, 9.) Defendants argue that the memoranda should

be unsealed as they primarily contain attorney argument and do not quote confidential information. (*Id.* at 8, 9.)

To the extent that it is Plaintiff's position that this information should be kept from the public domain because it is protected as a trade secret, Judge Schiltz dismissed such claims in his Order on Summary Judgment. (Dkt. 284 at 13-28.) Given that the strength of any property and privacy interests asserted is weak, coupled with the fact that Plaintiff is seeking to seal pleadings that Judge Schiltz considered in deciding dispositive motions, the Court finds that Plaintiff has not met its burden to overcome the presumptive right of the public to access to the unredacted memoranda. As such, the motion for continued sealing as to Docket Entries 258, 260, and 266 is denied.

### III.   ORDER

Based upon on the motion and the documents filed under seal, as well as all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that the parties' Joint Motion Regarding Continued Sealing (Dkt. 290) is **GRANTED in part** and **DENIED in part** as follows:

1. The Motion is **GRANTED** insofar as Docket Entries 195-6, 195-12, 195-13, 254-5, 254-6, 254-9, 254-12, 254-14, 254-19, and 270 will be **UNSEALED** pursuant to the agreement of the parties.

2. Docket Entries 254, 254-1, 254-2, 254-3, 254-11, 254-15, and 254-18 will remain under **TEMPORARY SEAL**, pending the parties filing a renewed joint motion that explains the basis for the continued sealing of these entries. The parties shall file a renewed motion for joint sealing regarding

these entries no later than two weeks after the issuance of this Order. If the parties do not file a renewed motion, the Court will issue an order to unseal the docket entries.

3. The Motion is **DENIED** insofar as Docket Entries 194, 195-1, 195-2, 195-3, 195-4, 195-5, 195-7, 195-9, 195-10, 195-11, 250, 250-1, 250-3, 250-5, 250-6, 250-8, 250-9, 254-7, 254-8, 254-10, 254-13, 254-16, 258, 260 and 266 shall be **UNSEALED** in accordance with the procedures set forth under Local Rule 5.6(d).

4. The Motion is **GRANTED** insofar as Docket Entries 195-8 and 250-2 will remain sealed. However, the parties will be required to publicly file within 28 days of this Order a copy of Docket Entry 195-8 and 250-2 with the credit card information redacted.

5. To the extent that features listed in Docket Entries. 254-10 and 254-13 were not included in Defendants' past or current products, Defendants may submit within fourteen days of this Order a supplemental memorandum under seal that flags portions of the docket entries that contain features or elements that are not included in a device that has been offered for sale. Defendants shall allow Plaintiff to submit any rebuttal as part of the same supplemental submission to the Court.

DATED: April 28, 2021            *s/Elizabeth Cowan Wright*
                                                        ELIZABETH COWAN WRIGHT
                                                        United States Magistrate